IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY <br><br> Plaintiff, <br><br> v. <br><br> VIVIAN A. MOORE <br> (a/k/a Vivian Agnes Moore and Vivian Potter Moore) <br><br> Serve: 3418 County Bridge Road <br> Warsaw, Virginia 22572 <br><br> and <br><br> VIVIAN A. MOORE, ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF GEARLINE POTTER, Deceased <br><br> Serve: 3418 County Bridge Road <br> Warsaw, Virginia 22572 <br><br> and <br><br> GARLAND MOORE <br> (a/k/a Broders G. Moore, Jr.) <br><br> Serve: 3418 County Bridge Road <br> Warsaw, Virginia 22572 <br><br> Defendants. | Case No. 3:21-cv-00711 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, as its Complaint for Declaratory Judgment states the following:

## NATURE OF THE CASE

1. This is an action for declaratory judgment in which State Farm seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under (i) a Rental Dwelling Policy of insurance (Policy Number 96-J7-5299-3) (referred to hereafter as "the Rental Dwelling Policy") issued by State Farm to Garland and Vivian Moore, insuring a dwelling located at 2214 Folly Neck Road, Warsaw (Richmond County), Virginia 22572 (referred to hereafter as "the Dwelling"); and (ii) a Renters Policy of insurance (Policy Number 46-CA-J402-8) (referred to hereafter as "the Renters Policy") issued by State Farm to Warren E. & Gearline V. Potter, insuring the personal property located at the Dwelling. A true and accurate copy of the Rental Dwelling Policy, including the policy declarations, forms and endorsements, is attached to this Complaint as **Exhibit 1**. A true and accurate copy of the Renters Policy, including the policy declarations, forms and endorsements, is attached to this Complaint as **Exhibit 2**.

2. An actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations and obligations, if any, under the terms and conditions of the Rental Dwelling Policy and the Renters Policy, following a fire loss that occurred at the Dwelling on January 22, 2021, which damaged the Dwelling and its contents.

3. Specifically, State Farm's investigation reveals that the subject fire loss was not accidental in nature, but instead was the product of an incendiary, intentionally set fire. State Farm's investigation further reveals that Defendant Vivian Moore was the only person who accessed the Dwelling on January 22, 2021, and the last person who was physically inside the Dwelling only minutes before the fire loss was discovered. Upon information and belief, Defendant Vivian Moore had the motive, means and opportunity to set the fire and damage the Dwelling and its contents. An actual, justiciable controversy exists as to whether Defendant

Vivian Moore intentionally caused or procured this fire loss, thereby barring, precluding and/or limiting the coverage that would otherwise be available under the Rental Dwelling Policy and the Renters Policy for the resulting damage to the Dwelling and its contents.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the plaintiff and each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Specifically:

- Diversity of citizenship:  State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and therefore a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).  Defendants Vivian A. Moore and Garland Moore are both citizens of the Commonwealth of Virginia.  At the time of her death on January 23, 2021 (the day after the subject fire loss), Gearline Potter was a citizen of Virginia, and therefore Defendant Vivian A. Moore, as administrator and personal representative of the Estate of Gearline Potter, Deceased, is deemed a citizen of Virginia pursuant to 28 U.S.C. § 1332(c)(2).

- Amount in controversy:  At the time of the fire loss, the Dwelling Coverage Limit under the Rental Dwelling Policy was $187,108, and the Personal Property Coverage Limit under the Renters Policy was $54,982.  Upon information and belief, the amount of the loss claimed under each policy exceeds the applicable policy limits.  With respect to the coverage questions presented under Section I of the Rental Dwelling Policy, the Coverage A – Dwelling Limit is $187,108, and the estimated cost to repair or rebuild the Dwelling exceeds such limit.  With respect to the coverage questions presented under Section I of the Renters Policy, the Personal Property Coverage Limit is $54,982, and the estimated Personal Property Loss (on a replacement cost basis, prior to adjustments for depreciation and the policy deductible) exceeds such limit.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The Eastern District of Virginia, Richmond Division is a judicial district and division in which: (i) a substantial part of the events or omissions giving rise to this declaratory judgment action occurred; (ii) the Dwelling and personal property that are the subject of this declaratory judgment action is situated; (iii) all defendants reside; and (iv) all defendants are subject to the Court's personal jurisdiction with respect to this declaratory judgment action.

## PARTIES

6. Plaintiff State Farm Fire and Casualty Company is an Illinois corporation with its principal place of business in Bloomington, Illinois, and a citizen of the State of Illinois. State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia. State Farm issued the Rental Dwelling Policy and the Renters Policy which are the subject of this action.

7. Defendants Vivian Moore and Garland Moore are citizens of Virginia. Vivian Moore and Garland Moore were named insureds under the Rental Dwelling Policy as of the date of the subject fire loss.

8. Gearline Potter was a named insured on the Renters Policy as of the date of the subject fire loss. At all relevant times, including the date of her death on or about January 23, 2021 (the day after the fire loss), Gearline Potter was a citizen of Virginia. On or about April 2, 2021, Gearline Potter's surviving daughter, Vivian A. Moore, was duly appointed and qualified by the Clerk of the Circuit Court of Richmond County as Administrator of the Estate of Gearline Didlake Potter, Deceased. In her capacity as administrator and personal representative of the Estate of Gearline Potter, Deceased, Vivian A. Moore is deemed a citizen of Virginia pursuant to 28 U.S.C. § 1332(c)(2).

## FACTS

9. At all relevant times, including the date of the subject fire loss, Vivian Moore and Garland Moore owned the Dwelling and land located at 2214 Folly Neck Road, Warsaw, Virginia 22572. *See* **Exhibit 3** (Deed dated January 10, 2006).

10. The Dwelling was Vivian Moore's childhood home.

11. Prior to the fire loss and while they were still living, Warren Potter and Gearline Potter lived at the Dwelling and had a joint life estate in the property. *See* **Exhibit 4** (Deed dated February 12, 1996).

12. Warren Potter died intestate on December 24, 2020, and was survived by his wife, Gearline Potter.

13. On or about January 8, 2021, Gearline Potter was hospitalized following a fall, and subsequently was transferred to a nursing home or assisted living facility. Gearline Potter died intestate on January 23, 2021.

14. Upon information and belief, the Dwelling was vacant during the approximately two (2) week period preceding the subject fire loss.

15. A fire occurred at the Dwelling on the afternoon of January 22, 2021.

16. Vivian Moore is the only person who accessed the Dwelling on January 22, 2021, prior to the fire.

17. On two occasions prior to the fire, including January 14, 2021 and the morning of January 22, 2021 (the date of the fire), Vivian Moore and Garland Moore contacted their State Farm agent to confirm the Dwelling was still covered by the Rental Dwelling Policy.

18. By her own admission, Vivian Moore was the only person who went inside the Dwelling on the morning and afternoon of January 22, 2021, prior to the fire.

19. Upon information and belief, Vivian Moore walked out of the Dwelling at

approximately 2:30 p.m. on January 22, 2021, and then left the property in her car shortly thereafter (within about 10 minutes after she exited the Dwelling) purportedly to pick up a grocery order from a Walmart store located in Warsaw, Virginia.

20.    The fire was discovered minutes later by Vivian Moore's husband, Garland Moore, who was working outside the Dwelling.  At about 2:46 p.m. Mr. Moore called Vivian Moore on her cell phone after he discovered the fire.  Mr. Moore subsequently called 911 and reported the fire at approximately 2:50 p.m.

21.    The fire caused substantial damage to the Dwelling and the personal property therein.

22.    The Moores reported the fire loss to State Farm on January 23, 2021, and made claims under the Rental Dwelling Policy and Renters Policy.

23.    In connection with their claim under the Rental Dwelling Policy, on or about February 16, 2021 the Moores submitted a Sworn Statement in Proof of Loss asserting a claim for $192,990 for damage to the Dwelling. *See* **Exhibit 5** (Sworn Statement in Proof of Loss dated February 16, 2021).

24.    In connection with their claim under the Renters Policy, on or about February 15, 2021 the Moores submitted a Loss Inventory to State Farm asserting a claim for damage to the personal property in the Dwelling. *See* **Exhibit 6** (Loss Inventory dated February 15, 2021).

25.    State Farm hired two fire investigators – Brian D. Riffe, IAAI-CFI, CFEI, CVFI and Michael G. Pinion, PE, CFEI – to assist with determining the cause and origin of the fire.

26.    Following inspections of the loss site on January 27, 2021 and February 2, 2021, the fire investigators determined that this was a non-accidental, incendiary fire.  Brian Riffe determined that the ignition source for this fire was an open flame; that the material first ignited was vapors from an ignitable liquid; that the fuel package was a recliner (located in the room

where the fire started); and that the ignition factor or events bringing the source of ignition and material first ignited together was the intentional act of applying an open flame to ignitable liquid vapors. Mr. Riffe's investigation revealed that there were no accidental causes of the fire. Similarly, Michael Pinion examined the electrical devices in the room of origin (baseboard heater below the living room window, electrical wall outlet next to the living room window, floor lamp, and the thermostat control for the baseboard wall heater) and determined that none of those devices caused this fire.

27. The evidence discovered to date compels the conclusion that the January 22, 2021 fire was an incendiary, intentionally set fire, and that Vivian Moore (who was the only person who accessed the Dwelling on January 22, 2021, and the last person inside the Dwelling minutes before the fire was discovered) had the motive, opportunity and means to set the fire and procure the loss.

## COUNT I
### (Request For Declaratory Relief – Rental Dwelling Policy)

28. The allegations set forth in paragraphs 1 through 27 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

29. Section I of the Rental Dwelling Policy, at SECTION I – LOSSES INSURED, provides in part:

> **COVERAGE A – DWELLING AND COVERAGE B – PERSONAL PROPERTY**
>
> We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I – Losses Not Insured.

30. The Rental Dwelling Policy, at SECTION I AND SECTION II – CONDITIONS (¶ 2), further provides that "[t]his policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact

or circumstance relating to this insurance, whether before or after a loss."

31. An actual, justiciable controversy exists as to whether coverage exists under Section I of the Rental Dwelling Policy because the January 22, 2021 fire was not accidental, and the resulting damage to the Dwelling and its contents does not qualify as accidental direct physical loss to the property described in Coverages A and B as required by Section I of the Rental Dwelling Policy.

32. An actual, justiciable controversy exists as to whether coverage exists under Section I of the Rental Dwelling Policy based on evidence which supports the conclusion that the January 22, 2021 fire loss was the product of arson and/or was intentionally set by Defendant Vivian Moore, in violation of the Policy's concealment or fraud condition.

33. An actual, justiciable controversy exists as to what duties or obligations, if any, State Farm has under the terms and conditions of the Rental Dwelling Policy to provide coverage and/or pay indemnity to or for the benefit of the Defendants in connection with the subject fire loss and claim.

34. An actual, justiciable controversy exists as to what duties or obligations, if any, State Farm owes to refund the policy premium, in part or in whole, in the event a determination is made that the Rental Dwelling Policy is void because an insured under the Policy has intentionally concealed or misrepresented any material fact or circumstance relating to the Rental Dwelling Policy, whether before or after a loss.

## COUNT II
### (Request For Declaratory Relief – Renters Policy)

35. The allegations set forth in paragraphs 1 through 34 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

36. The Renters Policy, at SECTION I – LOSSES INSURED, provides in part:

**COVERAGE B – PERSONAL PROPERTY**

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.

1. **Fire or lightning**.

37. The Renters Policy, at SECTION I – LOSSES NOT INSURED, further provides in part:

*We* will not pay for, under any part of this policy, any loss … that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of he excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involved isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these:

g. **Intentional Losses.** If any *insured* intentionally causes or procures a loss to property covered under this policy, *we* will not pay any *insured* for this loss. This applies regardless of whether the *insured* is charged with or convicted of a crime.

This does not apply to an *insured* who did not participate in, cooperate in, or contribute to causing or procuring the loss.

38. The Renters Policy, at SECTION I AND SECTION II – CONDITIONS (¶ 2), further provides that "[t]his policy is void as to *you* and any other *insured*, if *you* or any other *insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss."

39. The Renters Policy, at SECTION I AND SECTION II – CONDITIONS (¶ 9), provides in part that "[i]f *you* die … *we* insure the legal representative of the deceased … with respect to the premises and property of the deceased covered under this policy at the time of death", and further provides that "*insured* includes … with respect to *your* property, the person having proper temporary custody of the property until appointment and qualification of a legal

9

representative."

40. An actual, justiciable controversy exists as to whether coverage exists under Section I of the Renters Policy because the January 22, 2021 fire was not accidental, and the resulting damage to personal property inside the Dwelling does not qualify as accidental direct physical loss to insured property as required by Section I of the Renters Policy.

41. An actual, justiciable controversy exists as to whether coverage exists under Section I of the Renters Policy based on evidence which supports the conclusion that the January 22, 2021 fire loss was the product of arson and/or was intentionally set by Defendant Vivian Moore, in violation of the Policy's concealment or fraud condition.

42. An actual, justiciable controversy exists as to what duties or obligations, if any, State Farm has under the terms and conditions of the Renters Policy to provide coverage and/or pay indemnity to or for the benefit of the Defendants in connection with the fire loss and claim.

43. An actual, justiciable controversy exists as to what duties or obligations, if any, State Farm owes to refund the policy premium, in part or in whole, in the event a determination is made that the Renters Policy is void because an insured under the Policy has intentionally concealed or misrepresented any material fact or circumstance relating to the Renters Policy, whether before or after a loss.

**PRAYER FOR RELIEF**

WHEREFORE, State Farm Fire and Casualty Company prays that this Honorable Court grant State Farm the requested declaratory relief and enter an Order which:

(a) declares the rights, duties, status and other legal relations and obligations, if any, of the parties under Section I of the Rental Dwelling Policy (Policy Number 96-J7-5299-3) issued by State Farm to Garland and Vivian Moore;

(b) declares the rights, duties, status and other legal relations and obligations, if any, of the

parties under Section I of the Renters Policy (Policy Number 46-CA-J402-8) issued by State Farm to Warren E. and Gearline V. Potter;

(c) declares whether the January 22, 2021 fire was accidental, and whether the resulting loss to the Dwelling and its contents qualifies as an accidental direct physical loss to insured property as required by the insuring clauses in the Rental Dwelling Policy and Renters Policy;

(d) declares whether the January 22, 2021 fire loss was the product of arson and/or was intentionally set or procured by Defendant Vivian Moore and, if so, whether coverage under Section I of the Rental Dwelling Policy and Renters Policy is barred, limited and/or precluded as a result;

(e) declares what duties or obligations, if any, State Farm owes under Section I of the Rental Dwelling Policy to provide coverage and pay indemnity to or for the benefit of the Defendants;

(f) declares what duties or obligations, if any, State Farm owes under Section I of the Renters Policy to provide coverage and pay indemnity to or for the benefit of the Defendants;

(g) declares whether the policy premium(s) should be refunded, in part or in whole, in the event a determination is made that the Rental Dwelling Policy and/or the Renters Policy is void because an insured under either or both policies has intentionally concealed or misrepresented any material fact or circumstance relating to the insurance, whether before or after a loss; and

(h) grants State Farm its costs incurred in this action.

        Respectfully submitted,

        STATE FARM FIRE AND CASUALTY COMPANY

        By Undersigned Counsel

By:    /s/ Alexander S. de Witt
Alexander S. de Witt, Esq. (VSB 42708)
FREEBORN & PETERS LLP
901 East Byrd Street, Suite 950
Richmond, Virginia 23219
Phone: (804) 644-1300
Direct: (804) 799-7790
Fax: (804) 644-1354
E-mail: adewitt@freeborn.com

*Attorney for Plaintiff State Farm Fire and Cas. Co.*